## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

COLLEEN FERGUSON,
39 Rockdale Drive
Seven Valleys, Pennsylvania 17360

       Plaintiff,

v.

TOWN OF RIVERDALE PARK,
MARYLAND,

<u>Serve</u>:  Town of Riverdale Park, Maryland
       c/o Resident Agent:
       Frederick C. Sussman, Esquire
       125 West Street, 4th Floor
       Annapolis MD 21401

       Defendant.

**\*\*Jury Trial Demanded\*\***

Case No.: _____

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW, Plaintiff, COLLEEN FERGUSON, by and through her undersigned

counsel, Jay P. Holland, Esq. and the law firm of Joseph, Greenwald & Laake, P.A., and files

this Complaint and sues Defendant, TOWN OF RIVERDALE PARK, MARYLAND, for

unlawful discrimination and/or retaliation on the basis of Plaintiff's sex and/or age in violation of

Title VII of Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and 42 U.S.C. § 2000e-3(a); the

Age Discrimination in Employment Act, 29 U.S.C. § 623(a)-(b), (d); Md. Code, State Gov't §

20-606(a), (f); and/or Prince George's County Code § 2-222**,** and states the following:

## INTRODUCTION

    1.    This is a civil action and claim for damages brought by COLLEEN FERGUSON,

a former employee of Defendant. Ms. Ferguson, an adult female over the age of 40, was

discriminated and/or retaliated against by Defendant TOWN OF RIVERDALE PARK,

MARYLAND, (the "Town") and its agents. On October 8, 2020, the Equal Employment

Opportunity Commission ("EEOC") issued a right to sue notice.

## JURISDICTION AND VENUE

2.      The events giving rise to this action occurred in the State of Maryland within

Prince George's County where Plaintiff performed her job responsibilities as a Code

Enforcement Community Services Manager within the Town's police department.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

4.      This action for unlawful sex and age-based harassment, discrimination, and

retaliation, is brought pursuant to 42 U.S.C. §2000e-2(a)(1), 42 U.S.C. § 2000e-3(a), 29 U.S.C. §

623, Md. Code, State Gov't § 20-606, and Prince George's County Code § 2-222.  Jurisdiction is

proper pursuant to 28 U.S.C. § 1331.

5.      The amount in controversy as set forth in the complaint exceeds $75,000.00 in an

amount to be determined by the jury.

6.      Plaintiff has exhausted her administrative remedies and commences this action

more than 180 days after filing a Charge of Discrimination with the Equal Employment

Opportunity Commission, ("EEOC"), and within 90 days of receiving her issuance of her Notice

of Right to Sue.

## PARTIES

7.      Plaintiff, COLLEEN FERGUSON, is an adult natural female person over the age

of 40 who resides in the State of Pennsylvania.  During all relevant times herein, Plaintiff was an

employee of Defendant TOWN OF RIVERDALE PARK, MARYLAND within the Town's

police department.

8.      Defendant is the TOWN OF RIVERDALE PARK, MARYLAND, which employees over 50 employees and may sue and be sued.  Defendant operates and maintains the Town's police department.

### FACTS COMMON TO ALL COUNTS

9.      Plaintiff was an employee Defendant from on or around 1999-2019, and served in various roles during her tenure.  Beginning around 2015, Plaintiff served as a Code Enforcement Community Services Manager at the Town's police department ("RPPD").

10.     Plaintiff is a woman and is fifty-eight years old.

11.     Throughout her employment, Plaintiff consistently met and/or exceeded her performance expectations and was awarded multiple promotions.  Throughout her tenure, Plaintiff maintained professional certifications, such as being NCIC Dispatch-certified, and received ongoing training as part of her professional development. Plaintiff often assisted when needed in addition to her regularly assigned duties.

12.     On or around 2015, Plaintiff was promoted to the role of Code Enforcement Community Services Manager for the RPPD with Defendant.  At all relevant times to this complaint, Plaintiff reported to Lieutenant Colonel Patrick Timmons and Chief of Police David Morris.

13.     On or around January 2017, Defendant hired John Lestitian, as its Town Manager. The role included oversight of the RPPD and public works office.  Plaintiff is informed and believes, and herein alleges that Lestitian has a background in code enforcement.

14.     Despite his background in code enforcement, Plaintiff is informed and believes and herein alleges that Lestitian avoided interacting with Plaintiff, the Code Enforcement

Community Services Manager, on matters relating to the Town's code enforcement because of her age and/or sex.

15.     Even though Plaintiff's served as the Code Enforcement Services Manager, Lestitian repeatedly consulted instead with male employees regarding code enforcement.  For example, Lestitian frequently consulted with Plaintiff's male subordinates rather than work directly with her on matters relating to the scope of her employment.

16.     Where Lestitian did interact with Plaintiff, he was dismissive and condescending, behavior Lestitian did not exhibit with Plaintiff's male colleagues.

17.     Lestitian's conduct towards Plaintiff continued from the date he was hired until the date of Plaintiff's separation from employment.

18.     On or around February 2017, Plaintiff complained to Human Resources Manager Tony DuBose concerning Lestitian's disparate treatment of her.  Rather than investigating, RPPD's Human Resources officer laughed at Plaintiff and dismissed her complaint.  Plaintiff is informed and believes, and herein alleges that Defendant failed to investigate, prevent, and/or correct the discrimination raised in Plaintiff's complaint.

19.     Plaintiff complained on at least two other occasions to Mr. Dubose about Lestitian's gender based, condescending, and patronizing treatment of herself and other female employees.  During one of Plaintiff's complaints, Mr. DuBose essentially told Plaintiff that she was being an emotional woman – telling Plaintiff that she needed to do "emotional work on herself," or words to that effect.  Plaintiff is informed and believes, and herein alleges that Defendant failed to investigate, prevent, and/or correct the discrimination raised in Plaintiff's complaints.

20.     Plaintiff is informed and believes, and herein alleges that at least one other female employee complained about Lestitian's discriminatory treatment, and was subsequently retaliated against for her complaints, which led to her forced resignation.

21.     After no action from Human Resources, in or around March 2017, Plaintiff complained to her direct supervisor, Lt. Col. Timmons and to Chief Morris, about the disparate gender and/or age-based treatment, including, but not limited to Lestitian reassigning Plaintiff's job duties to her male colleagues.  Plaintiff is informed and believes, and herein alleges that Defendant still failed to investigate, prevent, and/or correct the harassment and discrimination raised in Plaintiff's complaints.

22.     In around March 2017, is informed and believes that she received a positive performance evaluation from her direct supervisor, Lt. Col. Timmons.  Plaintiff is informed and believes that Lt. Col. Timmons submitted the evaluation for approval.

23.     Plaintiff is informed and believes, and herein alleges that in retaliation for her complaints, her evaluation was kicked-back to Lt. Col. Timmons multiple times, directing him to lower her scores.

24.     Shortly thereafter, Plaintiff met with Chief Morris and Lt. Col. Timmons regarding her evaluation.  During that meeting Chief Morris told Plaintiff this was a "projected evaluation," and that she could not exceed standards because he did not know what the standards were.  Plaintiff is informed and believes, and hereon alleges that no other employees were given such "projected" evaluations.

25.     Plaintiff is informed and believes, and herein alleges that none of Defendant's male employees were singled out in their performance evaluations in such a manner.

26.    Defendant continued to discriminate and/or retaliate against Plaintiff, and on or around March 2017, Plaintiff was notified she would be demoted in title, job duties, and/or pay.

27.    Defendant told Plaintiff she had three options.

      a.  First, Plaintiff could stay at her current salary but be demoted in title and responsibilities, including being stripped of her managerial role and instead an in-the field code officer.  This option represented a significant demotion from the responsibilities of that of the Code Enforcement Community Services Manager.   Plaintiff had not worked in the field for over five years and was recovering from a health condition that made working in the field impossible at the time.  This position also reported directly to Lestitian.

      b.  Plaintiff's second option was to take a pay cut of approximately $4,000.00 a year, as well as a demotion of two grades to the position of a Special Projects Associate.  Since Plaintiff was close to retirement age, this position would result in significantly lowering her retirement benefit from Defendant.

      c.  Plaintiff's third option was to apply for consideration for the Development Services Director position for which Plaintiff was unlikely to obtain as Lestitian was selecting the candidate, forcing her to take one of the other two options.

28.    As none of the other options were viable, Plaintiff was forced to accept a demotion from Code Enforcement Community Services Manager to Special Projects Associate.

29.     Shortly thereafter, Lestitian replaced Plaintiff with a younger male with less experience, Kevin Simpson.  Plaintiff is informed and believes that Lestitian renamed the Code Enforcement Community Services Manager position that Plaintiff previously held, to "Office of Development Services Director."  However, Plaintiff is informed and believes that this new "Director" role was in fact performing the same and/or substantially similar job duties to those she previously performed Code Enforcement Community Services Manager.  Plaintiff is informed and believes, and hereon alleges that Lestitian informed Simpson not to interact with Plaintiff on matters that were within her professional duties.

30.     On or around October 2017, Defendant hired two new code enforcement officers, both males.  Plaintiff is informed and believes, and herein alleges that the two men were instructed by Director Simpson not interact with Plaintiff, and were told to go to Simpson with questions regarding code enforcement.

31.     Plaintiff is informed and believes that around this time, a number of other positions that were previously held by women were "restructured" and filled by men, who were given better titles, promotional opportunities, and salary incentives that were not offered to the women who were previously performing substantially similar work.

32.     On or around late December 2017, Plaintiff was informed that the demotion to Special Projects Associate was going to take immediate effect, that she would be stripped of her code enforcement duties, and that she would receive a salary reduction.

33.     Plaintiff is also informed and believes that throughout this time other female employees were also subjected to discriminatory treatment on the basis of their sex and/or gender, including, but not limited to, being denied advancement opportunities, receiving demotions, and/or having their roles filled by men.

34.     Shortly thereafter, Plaintiff complained about the discriminatory treatment of both she and other women who worked for Defendant were experiencing to a Riverdale Councilman, Christopher Henry.  Plaintiff complained to Councilman Henry on several other occasions around the beginning of 2018 regarding the discrimination and retaliation.

35.     On or around March 2018, following her complaints, Chief Morris told Plaintiff that she would "never be respected as long as you stay here," or words to that effect, and then told Plaintiff that she should apply for a job elsewhere.

36.     On March 28, 2019, Plaintiff was informed that she was being terminated effective April 5, 2019, and that her position was being eliminated as part of a "reorganization." Plaintiff is informed and believes, and hereon alleges that any "reorganization" was merely pretext to wrongfully terminate her.  Plaintiff complained to the Council regarding her wrongful termination.  Plaintiff received no response to her complaints.  Plaintiff is informed and believes that Defendant failed to investigate, prevent and/or correct the retaliation.

37.     In an effort to continue working after two decades with Defendant, Plaintiff applied for a position as a Dispatcher, evening shift, which was a role she had been filling in for immediately prior to her termination.  Plaintiff was never interviewed for the position, and is informed and believes that a less-qualified male applicant was hired into that role.

### COUNT ONE
**Disparate Treatment on the Basis of Sex**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1)**

38.     Plaintiff adopts and incorporates by reference the allegations contained above with the same effect as if fully set forth herein.

39.     As an employee of Defendant, Plaintiff was entitled to the protections of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), which prohibits discrimination in the workplace based on the basis of a person's sex.

40.     Plaintiff is a female, a protected class under Title VII.

41.     As detailed above, Plaintiff was subjected to adverse employment actions including, but not limited to:

    a.  Plaintiff was given negative performance evaluations despite the recommendations of her direct supervisor and her good performance;

    b.  Plaintiff was demoted and received a pay cut after being presented with three non-viable options if she wished to continue employment;

    c.  Plaintiff was wrongfully terminated

    d.  Plaintiff was denied a Dispatcher role for which she was qualified, and it was given to a less qualified male applicant;

    e.  Defendant otherwise discriminated against Plaintiff in serious and tangible ways with respect to her compensation, terms, conditions, or privileges of employment including, but not limited to: Lestitian repeatedly ignored, was dismissive of, or was condescending towards Plaintiff and did not treat her male colleagues or subordinates similarly; Lestitian reassigned Plaintiff's job duties to her male colleagues; Lestitian repeatedly went to Plaintiff's male colleagues, including her male subordinates for consultations when the scope of the consultation fell within Plaintiff's duties; Defendant hired a younger male to replace Plaintiff and subsequently instructed new male hires not to interact with Plaintiff.

42.     Plaintiff's sex, female, was a motivating factor for Defendant's conduct described herein.

43.     On multiple instances and to multiple parties that are agents of Defendant, Plaintiff complained about the sex-based discriminatory actions.

44.     At all times relevant to this action, Defendant nor any of its agents took any action to investigate Plaintiff's complaints or sought to correct the discriminatory sex-based behavior. Defendant took no corrective or remedial measures in response to Plaintiff's complaints.

45.     Defendant is responsible for the acts of its employees and non-employees concerning sex-based discrimination in the workplace under circumstances where Defendant either knew or should have known of the discriminatory behavior towards one of its employees and failed to take immediate and appropriate corrective action. 29 C.F.R. § 1604.11(e).

46.     Defendant and its agents' actions directly and proximately caused all injuries and damages sought herein.

47.     As a direct and proximate result of Defendant and/or its agents' conduct, Plaintiff has been caused to suffer and did suffer from injuries, including but not limited to demotion, salary deduction, termination of employment, back pay, front pay, as well as emotional and mental distress including but not limited to anguish, embarrassment, and humiliation.

48.     Defendant's agents committed each act of discrimination against Plaintiff knowingly, intentionally, maliciously, and/or with reckless indifference. As a result, Plaintiff is entitled to an award of back pay, front pay, compensatory damages, plus interest, punitive damages, and her litigation costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands:

a.     That the Court enter judgment in favor of Plaintiff and against Defendant;

b.      That the Court award Plaintiff back pay, front pay, compensatory damages, plus interest, against Defendant in an amount to be proven at trial;

c.      That the Court award Plaintiff punitive damages against Defendant in an amount to be proven at trial;

d.      That the Court award Plaintiff her reasonable attorneys' fees and costs incurred in this litigation; and

e.      That this Court award Plaintiff such further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

### COUNT TWO
**Unlawful Retaliation**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a)**

49.     Plaintiff adopts and incorporates by reference the allegations contained above with the same effect as if herein fully set forth.

50.     As an employee of Defendant, Plaintiff was entitled to the protections of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), which prohibits an employer from taking retaliatory adverse action against an employee because the employee engaged in a statutorily protected activity.

51.     As described more fully above, Plaintiff engaged in a protected activities when she repeatedly complained of Lestitian's unwanted and unwelcome discriminatory treatment of her because of her sex, including, but not limited to complaining to Mr. DuBose, Lt. Col. Timmons, and Councilman Henry.

52.     Plaintiff is informed and believes, and herein alleges that Defendant took no corrective or remedial action in response to Plaintiff's complaints.

53.     Instead, after Plaintiff complained, she was subjected to adverse employment actions including, but not limited to:

      a.  Plaintiff was given negative performance evaluations despite the recommendations of her direct supervisor and her good performance;

      b.  Plaintiff was demoted and received a pay cut after being presented with three non-viable options if she wished to continue employment;

      c.  Plaintiff was wrongfully terminated;

      d.  Plaintiff was denied a Dispatcher role for which she was qualified, and it was given to a less qualified male applicant;

      e.  Defendant otherwise retaliated against Plaintiff in serious and tangible ways with respect to her compensation, terms, conditions, or privileges of employment including, but not limited to: Lestitian repeatedly ignored, was dismissive of, or was condescending towards Plaintiff and did not treat her male colleagues or subordinates similarly; Lestitian reassigned Plaintiff's job duties to her male colleagues; Lestitian repeatedly went to Plaintiff's male colleagues, including her male subordinates for consultations when the scope of the consultation fell within Plaintiff's duties; Defendant hired a younger male to replace Plaintiff and subsequently instructed new male hires not to interact with Plaintiff.

      f.  Such conduct occurred with temporal proximity to Plaintiff's complaints.

54.     Defendant and its agents' actions directly and proximately caused all injuries and damages sought herein.

55.     As a direct and proximate result of Defendant and/or its agents' conduct, Plaintiff has been caused to suffer and did suffer from injuries, including but not limited to demotion, salary deduction, termination of employment, back pay, front pay, as well as emotional and mental distress including but not limited to anguish, embarrassment, and humiliation.

56.     Defendant's agents committed each act of retaliation against Plaintiff knowingly, intentionally, maliciously, and/or with reckless indifference. As a result, Plaintiff is entitled to an award of back pay, front pay, compensatory damages, plus interest, punitive damages, and her litigation costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands:

a.   That the Court enter judgment in favor of Plaintiff and against Defendant;

b.   That the Court award Plaintiff economic, including back pay and front pay,  and compensatory damages, plus interest, against Defendant in an amount to be proven at trial;

c.   That the Court award Plaintiff punitive damages against Defendant in an amount to be proven at trial;

d.   That the Court award Plaintiff her reasonable attorneys' fees and costs incurred in this litigation; and

e.   That this Court award Plaintiff such further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

**COUNT THREE**
**Unlawful Age-Based Discrimination**
**Age Discrimination in Employment Act, 29 U.S.C. § 623(a)-(b)**

57.    Plaintiff adopts and incorporates by reference the allegations contained above with the same effect as if herein fully set forth.

58.    As an employee of Defendant, Plaintiff was entitled to the protections of the Age Discrimination in Employment Act ("ADEA") which prohibits discrimination in the workplace on the basis of a person's age.

59.    Plaintiff is an individual over forty-years-old, a protected class under the ADEA.

60.    As detailed above, Defendant engaged in adverse employment actions against Plaintiff because of her age, including, but not limited to:

a.    Plaintiff was given negative performance evaluations despite the recommendations of her direct supervisor and her good performance;

b.    Plaintiff was demoted and received a pay cut after being presented with three non-viable options if she wished to continue employment;

c.    Plaintiff was wrongfully terminated;

d.    Plaintiff was denied a Dispatcher role for which she was qualified, and it was given to a less qualified male applicant;

e.    Defendant otherwise discriminated against Plaintiff in serious and tangible ways with respect to her compensation, terms, conditions, or privileges of employment including, but not limited to: Lestitian repeatedly ignored Plaintiff and asked her younger, less qualified subordinates for consultations when the scope of the consultation fell within Plaintiff's duties; Defendant

hired a younger male to replace Plaintiff and subsequently instructed the younger male hires not to interact with Plaintiff.

61.     Plaintiff's age was a determinative factor for Defendant's conduct described herein.

62.     On multiple instances and to multiple parties that are agents of Defendant, Plaintiff complained of Lestitian's behavior and repeated discriminatory actions.

63.     At all times relevant to this action, neither Defendant nor any of its agents took any action to investigate Plaintiff's complaints or sought to correct the discriminatory age-based behavior. Defendant took no corrective or remedial measures in response to Plaintiff's complaints regarding Lestitian.

64.     Defendant and its agents' actions directly and proximately caused all injuries and damages sought herein.

65.     As a direct and proximate result of Defendant and/or its agents' conduct, Plaintiff has been caused to suffer and did suffer from injuries, including but not limited to demotion, salary deduction, termination of employment, back pay, front pay, as well as emotional and mental distress including but not limited to anguish, embarrassment, and humiliation.

66.     Defendant's agents committed each act of discrimination against Plaintiff knowingly, intentionally, maliciously, and/or with reckless indifference. As a result, Plaintiff is entitled to an award of back pay, front pay, compensatory damages, plus interest, punitive damages, and her litigation costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands:

     a.   That the Court enter judgment in favor of Plaintiff and against Defendant;

b.   That the Court award Plaintiff compensatory damages, plus interest, against Defendant in an amount to be proven at trial;

c.   That the Court award Plaintiff punitive damages against Defendant in an amount to be proven at trial;

d.   That the Court award Plaintiff her reasonable attorneys' fees and costs incurred in this litigation; and

e.   That this Court award Plaintiff such further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT FOUR
### Unlawful Retaliation
### Age Discrimination in Employment Act, 29 U.S.C. § 623(d)

67.   Plaintiff adopts and incorporates by reference the allegations contained above with the same effect as if herein fully set forth.

68.   As an employee of Defendant, Plaintiff was entitled to the protections the ADEA, which prohibits an employer from taking retaliatory adverse action against an employee because the employee engaged in a statutorily protected activity.

69.   As described more fully above, Plaintiff engaged in a protected activities when she repeatedly complained of Lestitian's unwanted and unwelcome discriminatory treatment of her because of her age, including, but not limited to complaining to Mr. DuBose, Lt. Col. Timmons, and Councilman Henry.

70.   Plaintiff is informed and believes, and herein alleges that Defendant took no corrective or remedial action in response to Plaintiff's complaints.

71.     Instead, after Plaintiff complained, she was subjected to materially adverse actions including, but not limited to:

      a.   Plaintiff was given negative performance evaluations despite the recommendations of her direct supervisor and her good performance;

      b.   Plaintiff was demoted and received a pay cut after being presented with three non-viable options if she wished to continue employment;

      c.   Plaintiff was wrongfully terminated;

      d.   Plaintiff was denied a Dispatcher role for which she was qualified, and it was given to a less qualified male applicant;

      e.   Defendant otherwise retaliated against Plaintiff in serious and tangible ways with respect to her compensation, terms, conditions, or privileges of employment including, but not limited to: Lestitian repeatedly ignored, was dismissive of, or was condescending towards Plaintiff and did not treat her male colleagues or subordinates similarly; Lestitian reassigned Plaintiff's job duties to her male colleagues; Lestitian repeatedly went to Plaintiff's male colleagues, including her male subordinates for consultations when the scope of the consultation fell within Plaintiff's duties; Defendant hired a younger male to replace Plaintiff and subsequently instructed new male hires not to interact with Plaintiff.

      f.   Such conduct occurred with temporal proximity to Plaintiff's complaints.

72.     Such adverse employment actions were temporally proximate to Plaintiff's complaints.

73.     Defendant and its agents' actions directly and proximately caused all injuries and damages sought herein.

74.     As a direct and proximate result of Defendant and/or its agents' conduct, Plaintiff has been caused to suffer and did suffer from injuries, including but not limited to demotion, salary deduction, termination of employment, back pay, front pay, as well as emotional and mental distress including but not limited to anguish, embarrassment, and humiliation.

75.     Defendant's agents committed each act of discrimination against Plaintiff knowingly, intentionally, maliciously, and/or with reckless indifference. As a result, Plaintiff is entitled to an award of back pay, front pay, compensatory damages, plus interest, punitive damages, and her litigation costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands:

    a.  That the Court enter judgment in favor of Plaintiff and against Defendant;

    b.  That the Court award Plaintiff economic and compensatory damages, plus interest, against Defendant in an amount to be proven at trial;

    c.  That the Court award Plaintiff punitive damages against Defendant in an amount to be proven at trial;

    d.  That the Court award Plaintiff her reasonable attorneys' fees and costs incurred in this litigation; and

    e.  That this Court award Plaintiff such further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## COUNT FIVE
### Sex Discrimination
### Md. Code, State Gov't § 20-606(a)

76.     Plaintiff adopts and incorporates by reference the allegations contained above with the same effect as if herein fully set forth.

77.     As an employee of Defendant, Plaintiff was entitled to the protections of the Maryland Code, which prohibits an employer from discriminating against an employee on the basis of sex.

78.     Plaintiff is a female, a protected class under Maryland Code.

79.     As detailed above, Plaintiff was caused to work in an environment where she was caused to suffer unwanted, unwelcomed, and offensive treatment on the basis of sex due to the disparate treatment she received by Lestitian, Defendant's agent.  At all times relevant to this action Lestitian had power over decisions concerning Plaintiff's employment.

80.     As detailed above, Plaintiff was subjected to adverse employment actions including, but not limited to:

    a.   Plaintiff was given negative performance evaluations despite the recommendations of her direct supervisor and her good performance;

    b.   Plaintiff was demoted and received a pay cut after being presented with three non-viable options if she wished to continue employment;

    c.   Plaintiff was wrongfully terminated;

    d.   Plaintiff was denied a Dispatcher role for which she was qualified, and it was given to a less qualified male applicant;

    e.   Defendant otherwise retaliated against Plaintiff in serious and tangible ways with respect to her compensation, terms, conditions, or privileges of

19

employment including, but not limited to: Lestitian repeatedly ignored, was dismissive of, or was condescending towards Plaintiff and did not treat her male colleagues or subordinates similarly; Lestitian reassigned Plaintiff's job duties to her male colleagues; Lestitian repeatedly went to Plaintiff's male colleagues, including her male subordinates for consultations when the scope of the consultation fell within Plaintiff's duties; Defendant hired a younger male to replace Plaintiff and subsequently instructed new male hires not to interact with Plaintiff.

81.     On multiple instances and to multiple parties that are agents of Defendant, Plaintiff complained of Lestitian's behavior and repeated discriminatory actions.

82.     At all times relevant to this action, neither Defendant nor any of its agents took any action to investigate Plaintiff's complaints or sought to correct the discriminatory sex-based behavior.  Defendant took no corrective or remedial measures in response to Plaintiff's complaints regarding Lestitian.

83.     Defendant and its agents' actions directly and proximately caused all injuries and damages sought herein.

84.     As a direct and proximate result of Defendant and/or its agents' conduct, Plaintiff has been caused to suffer and did suffer from injuries, including but not limited to demotion, salary deduction, termination of employment, back pay, front pay, as well as emotional and mental distress including but not limited to anguish, embarrassment, and humiliation.

85.     Defendant's agents committed each act of retaliation against Plaintiff knowingly, intentionally, maliciously, and/or with reckless indifference. As a result, Plaintiff is entitled to an

award of back pay, front pay, compensatory damages, plus interest, punitive damages, and her litigation costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands:

      a.   That the Court enter judgment in favor of Plaintiff and against Defendant;

      b.   That the Court award Plaintiff compensatory damages, plus interest, against Defendant in an amount to be proven at trial;

      c.   That the Court award Plaintiff punitive damages against Defendant in an amount to be proven at trial;

      d.   That the Court award Plaintiff her reasonable attorneys' fees and costs incurred in this litigation; and

      e.   That this Court award Plaintiff such further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

**COUNT SIX**
**Unlawful Age-Based Discrimination**
**Md. Code, State Gov't § 20-606(a)**

86.    Plaintiff adopts and incorporates by reference the allegations contained above with the same effect as if herein fully set forth.

87.    As an employee of Defendant, Plaintiff was entitled to the protections of the Maryland Code, which prohibits discrimination in the workplace on the basis of a person's age.

88.    Defendant is responsible for the acts of its employees and non-employees concerning age-based discrimination in the workplace under circumstances where Defendant either know or should have known of di behavior towards one of its employees and fails to take immediate and appropriate corrective action.

21

89.     Plaintiff is an individual over forty-years-old, a protected class under the
Maryland Code.

90.     As detailed above, Defendant engaged in adverse employment actions against
Plaintiff because of her age, including, but not limited to:

    a.  Plaintiff was given negative performance evaluations despite the
        recommendations of her direct supervisor and her good performance;

    b.  Plaintiff was demoted and received a pay cut after being presented with three
        non-viable options if she wished to continue employment;

    c.  Plaintiff was wrongfully terminated;

    d.  Plaintiff was denied a Dispatcher role for which she was qualified, and it was
        given to a less qualified male applicant;

    e.  Defendant otherwise discriminated against Plaintiff in serious and tangible
        ways with respect to her compensation, terms, conditions, or privileges of
        employment including, but not limited to: Lestitian repeatedly ignored
        Plaintiff and asked her younger, less qualified subordinates for consultations
        when the scope of the consultation fell within Plaintiff's duties; Defendant
        hired a younger male to replace Plaintiff and subsequently instructed the
        younger male hires not to interact with Plaintiff.

91.     On multiple instances and to multiple parties that are agents of Defendant,
Plaintiff complained of Lestitian's behavior and repeated discriminatory actions.

92.     At all times relevant to this action, Defendant nor any of its agents took any action
to investigate Plaintiff's complaints or sought to correct the discriminatory age-based behavior.

Defendant took no corrective or remedial measures in response to Plaintiff's complaints regarding Lestitian.

93.     Defendant and its agents' actions directly and proximately caused all injuries and damages sought herein.

94.     As a direct and proximate result of Defendant and/or its agents' conduct, Plaintiff has been caused to suffer and did suffer from injuries, including but not limited to demotion, salary deduction, termination of employment, back pay, front pay, as well as emotional and mental distress including but not limited to anguish, embarrassment, and humiliation.

95.     Defendant's agents committed each act of retaliation against Plaintiff knowingly, intentionally, maliciously, and/or with reckless indifference. As a result, Plaintiff is entitled to an award of back pay, front pay, compensatory damages, plus interest, punitive damages, and her litigation costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands:

    a.   That the Court enter judgment in favor of Plaintiff and against Defendant;

    b.   That the Court award Plaintiff compensatory damages, plus interest, against Defendant in an amount to be proven at trial;

    c.   That the Court award Plaintiff punitive damages against Defendant in an amount to be proven at trial

    d.   That the Court award Plaintiff her reasonable attorneys' fees and costs incurred in this litigation; and

    e.   That this Court award Plaintiff such further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

**COUNT SEVEN**
**Unlawful Retaliation**
**Md. Code, State Gov't § 20-606(f)**

96.    Plaintiff adopts and incorporates by reference the allegations contained above with the same effect as if herein fully set forth.

97.    As an employee of Defendant, Plaintiff was entitled to the protections of the Maryland Code which prohibits an employer from taking retaliatory adverse action against an employee because the employee engaged in a statutorily protected activity.

98.    As more fully alleged above, Plaintiff engaged in a protected activities when she repeatedly complained of Lestitian's unwanted and unwelcome discriminatory treatment of her because of her sex, gender, and/or age including, but not limited to complaining to Mr. DuBose, Lt. Col. Timmons, and Councilman Henry.

99.    Plaintiff is informed and believes, and herein alleges that Defendant took no corrective or remedial action in response to Plaintiff's complaints.

100.    Instead, after Plaintiff complained, she was subjected to materially adverse actions including, but not limited to:

    a.  Plaintiff was given negative performance evaluations despite the recommendations of her direct supervisor and her good performance;

    b.  Plaintiff was demoted and received a pay cut after being presented with three non-viable options if she wished to continue employment;

    c.  Plaintiff was wrongfully terminated;

    d.  Plaintiff was denied a Dispatcher role for which she was qualified, and it was given to a less qualified male applicant;

e.   Defendant otherwise retaliated against Plaintiff in serious and tangible ways with respect to her compensation, terms, conditions, or privileges of employment including, but not limited to: Lestitian repeatedly ignored, was dismissive of, or was condescending towards Plaintiff and did not treat her male colleagues or subordinates similarly; Lestitian reassigned Plaintiff's job duties to her male colleagues; Lestitian repeatedly went to Plaintiff's male colleagues, including her male subordinates for consultations when the scope of the consultation fell within Plaintiff's duties; Defendant hired a younger male to replace Plaintiff and subsequently instructed new male hires not to interact with Plaintiff.

f.   Such conduct occurred with temporal proximity to Plaintiff's complaints.

101.   Defendant and its agents' actions directly and proximately caused all injuries and damages sought herein.

102.   As a direct and proximate result of Defendant and/or its agents' conduct, Plaintiff has been caused to suffer and did suffer from injuries, including but not limited to demotion, salary deduction, termination of employment, back pay, front pay, as well as emotional and mental distress including but not limited to anguish, embarrassment, and humiliation.

103.   Defendant's agents committed each act of retaliation against Plaintiff knowingly, intentionally, maliciously, and/or with reckless indifference. As a result, Plaintiff is entitled to an award of back pay, front pay, compensatory damages, plus interest, punitive damages, and her litigation costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands:

a.   That the Court enter judgment in favor of Plaintiff and against Defendant;

b.   That the Court award Plaintiff economic and compensatory damages, plus interest, against Defendant in an amount to be proven at trial;

c.   That the Court award Plaintiff punitive damages against Defendant in an amount to be proven at trial;

d.   That the Court award Plaintiff her reasonable attorneys' fees and costs incurred in this litigation; and

e.   That this Court award Plaintiff such further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

**COUNT EIGHT**
**Sex and/or Age Discrimination**
**Prince George's County Code § 2-222**

104.   Plaintiff adopts and incorporates by reference the allegations contained above with the same effect as if herein fully set forth.

105.   As an employee of Defendant, Plaintiff was entitled to the protections of Prince George's County Code which prohibits an employer from discriminating against an employee on the basis of sex and/or age.

106.   Plaintiff a female, over the age of 40, is a member of protected classes under Prince George's County Code.

107.   As detailed above, Plaintiff was caused to work in an environment where she was caused to suffer unwanted, unwelcomed, and offensive treatment on the basis of sex and/or age due to the disparate treatment she received by Lestitian, Defendant's agent. At all times relevant to this action Lestitian had power over decisions concerning Plaintiff's employment.

26

108.     As detailed above, Defendant engaged in adverse employment actions against Plaintiff because of her sex and/or age, including, but not limited to:

    a.   Plaintiff was given negative performance evaluations despite the recommendations of her direct supervisor and her good performance;

    b.   Plaintiff was demoted and received a pay cut after being presented with three non-viable options if she wished to continue employment;

    c.   Plaintiff was wrongfully terminated;

    d.   Plaintiff was denied a Dispatcher role for which she was qualified, and it was given to a less qualified male applicant;

    e.   Defendant otherwise discriminated against Plaintiff in serious and tangible ways with respect to her compensation, terms, conditions, or privileges of employment including, but not limited to: Lestitian repeatedly ignored Plaintiff and asked her younger, less qualified male subordinates for consultations when the scope of the consultation fell within Plaintiff's duties; Defendant hired a younger male to replace Plaintiff and subsequently instructed the  younger male hires not to interact with Plaintiff.

109.     On multiple instances and to multiple parties that are agents of Defendant, Plaintiff complained of Mr. Lestitian's behavior and repeated discriminatory actions.

110.     At all times relevant to this action, Defendant nor any of its agents took any action to investigate Plaintiff's complaints or sought to correct the discriminatory sex and/or age-based behavior. Defendant took no corrective or remedial measures in response to Plaintiff's complaints regarding Lestitian.

111.    Defendant and its agents' actions directly and proximately caused all injuries and damages sought herein.

112.    As a direct and proximate result of Defendant and/or its agents' conduct, Plaintiff has been caused to suffer and did suffer from injuries, including but not limited to demotion, salary deduction, termination of employment, back pay, front pay, as well as emotional and mental distress including but not limited to anguish, embarrassment, and humiliation.

113.    Defendant's agents committed each act of retaliation against Plaintiff knowingly, intentionally, maliciously, and/or with reckless indifference. As a result, Plaintiff is entitled to an award of back pay, front pay, compensatory damages, plus interest, punitive damages, and her litigation costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands:

a.    That the Court enter judgment in favor of Plaintiff and against Defendant;

b.    That the Court award Plaintiff compensatory damages, plus interest, against Defendant in an amount to be proven at trial;

c.    That the Court award Plaintiff punitive damages against Defendant in an amount to be proven at trial;

d.    That the Court award Plaintiff her reasonable attorneys' fees and costs incurred in this litigation; and

e.    That this Court award Plaintiff such further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

**COUNT NINE**
**Unlawful Retaliation**
**Prince George's County Code § 2-222**

114.    Plaintiff adopts and incorporates by reference the allegations contained above with the same effect as if herein fully set forth.

115.    As an employee of Defendant, Plaintiff was entitled to the protections of Prince George's County Code § 2-222 which prohibits an employer from taking retaliatory adverse action against an employee because the employee engaged in a protected activity.

116.    Plaintiff engaged in a protected activity when she repeatedly complained of Lestitian's unwanted and unwelcome discriminatory treatment of her because of her sex, gender, and/or age including but not limited to complaining to Mr. DuBose, Lt. Col. Timmons, and Councilman Henry.

117.    Plaintiff is informed and believes, and herein alleges that Defendant took no corrective or remedial action in response to Plaintiff's complaints.

118.    Instead, after Plaintiff complained, she was subjected to adverse employment actions including, but not limited to:

   a.   Plaintiff was given negative performance evaluations despite the recommendations of her direct supervisor and her good performance;

   b.   Plaintiff was demoted and received a pay cut after being presented with three non-viable options if she wished to continue employment;

   c.   Plaintiff was wrongfully terminated;

   d.   Plaintiff was denied a Dispatcher role for which she was qualified, and it was given to a less qualified male applicant;

29

e.  Defendant otherwise retaliated against Plaintiff in serious and tangible ways with respect to her compensation, terms, conditions, or privileges of employment including, but not limited to: Lestitian repeatedly ignored, was dismissive of, or was condescending towards Plaintiff and did not treat her male colleagues or subordinates similarly; Lestitian reassigned Plaintiff's job duties to her male colleagues; Lestitian repeatedly went to Plaintiff's male colleagues, including her male subordinates for consultations when the scope of the consultation fell within Plaintiff's duties; Defendant hired a younger male to replace Plaintiff and subsequently instructed new male hires not to interact with Plaintiff.

f.  Such conduct occurred with temporal proximity to Plaintiff's complaints.

119.  Defendant and its agents' actions directly and proximately caused all injuries and damages sought herein.

120.  As a direct and proximate result of Defendant and/or its agents' conduct, Plaintiff has been caused to suffer and did suffer from injuries, including but not limited to demotion, salary deduction, termination of employment, back pay, front pay, as well as emotional and mental distress including but not limited to anguish, embarrassment, and humiliation.

121.  Defendant's agents committed each act of retaliation against Plaintiff knowingly, intentionally, maliciously, and/or with reckless indifference. As a result, Plaintiff is entitled to an award of back pay, front pay, compensatory damages, plus interest, punitive damages, and her litigation costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands:

a.  That the Court enter judgment in favor of Plaintiff and against Defendant;

30

b.  That the Court award Plaintiff economic and compensatory damages, plus interest, against Defendant in an amount to be proven at trial;

c.  That the Court award Plaintiff punitive damages against Defendant in an amount to be proven at trial;

d.  That the Court award Plaintiff her reasonable attorneys' fees and costs incurred in this litigation; and

e.  That this Court award Plaintiff such further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

DATED: December 9, 2020                   Respectfully submitted,

                                          JOSEPH, GREENWALD & LAAKE, P.A.

                                          _____/s/ Jay P. Holland_____
                                          Jay P. Holland, Esq.
                                          6404 Ivy Lane, Suite 400
                                          Greenbelt, MD  20770-1417
                                          (240) 553-1198
                                          (240) 553-1740 – Fax
                                          jholland@jgllaw.com
                                          *Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| COLLEEN FERGUSON,<br>39 Rockdale Drive<br>Seven Valleys, Pennsylvania 17360<br><br>      Plaintiff,<br><br>v.<br><br>TOWN OF RIVERDALE PARK,<br>MARYLAND,<br><br><u>Serve</u>:  Town of Riverdale Park, Maryland<br>       5008 Queensbury Road<br>       Riverdale Park, Maryland 20737<br><br>      Defendant. | **\*\*Jury Trial Demanded\*\***<br><br>Case No.: _____ |

## <u>JURY TRIAL DEMAND</u>

      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by a jury of her peers on all counts so triable.

DATED: December 9, 2020           Respectfully submitted,

                                 JOSEPH, GREENWALD & LAAKE, P.A.

                                      /s/ Jay P. Holland
                               Jay P. Holland, Esq.
                               6404 Ivy Lane, Suite 400
                               Greenbelt, MD  20770-1417
                               (240) 553-1198
                               (240) 553-1740 – Fax
                               jholland@jgllaw.com
                               *Counsel for Plaintiff*